(5 Misc. Rep. 261.)

PARKINSON v. SCOTT.

(Superior Court of New York City, Special Term. October 16, 1893.)

COSTS—DISCONTINUANCE OF ACTION IN FORMA PAUPERIS.
  Code Civil Proc. § 461, which provides, in regard to one suing as a poor person, that, "if judgment is rendered against him, or his complaint is dismissed, costs shall not be awarded against him," does not authorize the granting of a motion to discontinue, without costs, made by plaintiff on discovering that he had sued the wrong person.

Action by James Henry Parkinson, an infant, by a guardian ad litem, suing as a poor person, against John Scott. Plaintiff, having

become satisfied that he has sued the wrong person, moves for leave to discontinue the action without costs.

H. M. Requa, Jr., for plaintiff.

J. F. Harrison, for defendant.

GILDERSLEEVE, J.    The plaintiff served the summons, complaint, and notice of motion for leave to sue as a poor person on the defendant, John Scott, on August 22, 1893.    On August 28, 1893, the defendant served his answer and notice of trial; and on August 31, 1893, the motion for leave to sue as a poor person was argued and granted, and an order entered thereon.    Subsequently the plaintiff became convinced that he had sued the wrong person, and he now moves for leave to discontinue without costs. The defendant has been put to the trouble and expense of answering, of serving notice of trial, and of opposing the motion for leave to sue as a poor person.    I am of the opinion that the defendant should have $25, the statutory costs before and after notice of trial, as a condition of granting the order of discontinuance.    I do not think the entry of the order granting leave to sue as a poor person deprives the court of authority to impose costs as a condition for discontinuing the action in a case like this. The Code (section 461) provides that in the case of one suing as a poor person, "if judgment is rendered against him, or his complaint is dismissed, costs shall not be awarded against him."    But in this case an innocent party has been sued and put to trouble and expense, through the blunder of the plaintiff, and I do not think the above statute applies to a motion made by the plaintiff to be allowed to discontinue without costs.    It has been held that costs, in a case where the plaintiff sues as a poor person, can be imposed as a condition for opening plaintiff's default, (see Elwin v. Routh, 1 Civil Proc. R. 131; Neugrosche v. Railway Co., 1 N. Y. St. Rep. 302;) and I think the same principle can be extended to a case like the one at bar.    Motion is granted on payment of $25 costs.